## Kratzer v. Shemory

*William Kock*, for petitioners.

*Richard C. Brittain*, for respondent.

KREISHER, P. J., August 11, 1971.—The maternal grandparents brought the above-captioned child custody action against their daughter seeking custody of their grandson who was born July 16, 1964.

Said child was born during the marriage of said daughter to Paul E. Deeter, Sr. Following marital difficulties, the parties separated in 1965 and the baby was placed with the petitioners at their home in Northumberland County, at Muncy, Pa. R. D. 3. On January 5, 1966 the parties signed a custody agreement in favor of the grandparents, and the father of the child agreed to pay them $10 per week for the support and maintenance of the child.

The parties were then divorced and the mother of the child remarried, taking up residence with her new husband in a trailer located near Washingtonville, Montour County. Both of the parties are employed some distance away. However, the practice developed whereby the mother of the child would have temporary custody during the weekend. This practice continued until February 12, 1971, when the mother refused to return the child to the grandparents; hence, this proceeding.

At the time fixed for hearing, it was agreed after a conference in chambers to return to the former routine and let the court decide the matter without further testimony.

The said agreement states that the parents "relinquish, transfer and deliver over unto" the grandparents the "custody of their son, Paul E. Deeter, Jr."; that the grandparents "agree to be solely responsible for the welfare and upbringing of said child" and that "It is intended by the agreement that the custody of said child shall be legally transferred from" the parents to the grandparents "without the further necessity of a Court Order or any further legal proceedings."

The grandparents complained of their daughter's instability, her working hours, her living conditions and her new husband. They relied on the agreement.

Since the child is now of school age, they wanted his residence permanently established so he would not be moved from one school to another.

The daughter described her trailer as a fine home, her new husband as a fit person and her ability to secure a proper custodian for the child during working hours. She described her parents' home as a run down farm house with no inside bath and in a remote area from urban development. She admitted they had water in the house, were planning a bath room, the house was clean and food both good and plentiful. She admitted her parents took good care of the child during its very tender years and they were fit persons to rear a child.

As a general rule, courts are not bound by the terms of a custody agreement, since agreements must yield to the pole star of all custody cases, which is the best interest and welfare of the child, but such an agreement may be considered and carry great weight in determining the question of the respective fitness of the parties: Bardlemay v. Bardlemay, 201 Pa. Superior Ct. 435.

The matter of custody of children is always subject to review, since such orders are never final and are subject to alteration with changing conditions; Cleary v. Weaver, 188 Pa. Superior Ct., 197.

Ordinarily, little consideration is given to the preferences of the child of tender years, because of the ease to sway their thinking, but as a child grows older, greater weight will be given to those preferences: Bender v. Bender, 197 Pa. Superior Ct., 397, 401.

Giving due consideration to all the facts of this case in light of the above-stated principles, we conclude the best interest and welfare of this child will be served by leaving the parties remain in status quo.

## ORDER

And now, August 11, 1971, it is ordered and decreed that the writ of habeas corpus be granted and the custody of said minor, Paul E. Deeter, Jr., be awarded to the grandparents, Mr. and Mrs. Stanley M. Kratzer, provided, however, that the respondent, Lois M. Shemory, shall have temporary custody of said child in accordance with the amicable agreement now in existence. Each party to pay their own costs, exception noted.